UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| LARRY COFFMAN, | ) |
| Plaintiff, | ) |
| v. | ) No. 4:05CV00883 ERW |
| ALAN BLAKE, et al., | ) |
| Defendants. | ) |

## ORDER AND MEMORANDUM

This matter is before the Court upon the application of Larry Coffman for leave to commence this action without payment of the required filing fee. See 28 U.S.C. § 1915(a). Upon consideration of the financial information provided with the application, the Court finds that plaintiff is financially unable to pay any portion of the filing fee. Therefore, plaintiff will be granted leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915(a).

### 28 U.S.C. § 1915(e)

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court may dismiss a complaint filed in forma pauperis at any time if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. An action is frivolous if "it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). An action fails to state a claim upon which relief may be granted if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. Conley v. Gibson, 355 U.S. 41, 45-46 (1957); Jackson Sawmill Co. v. United States, 580 F.2d 302, 306 (8th Cir. 1978).

In reviewing a pro se complaint under § 1915(e)(2)(B), the Court must give the complaint the benefit of a liberal construction. Haines v. Kerner, 404 U.S. 519, 520 (1972). The Court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. Denton v. Hernandez, 112 S. Ct. 1728, 1733 (1992); Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

**Discussion**

Plaintiff, a civilly committed resident of the Missouri Sexual Offender Treatment Center ("MSOTC"), seeks monetary, declaratory, and injunctive relief in this action brought pursuant to 28 U.S.C. § 1983. The named defendants are Alan Blake, Dr. Jon Rosenboom, Dr. Phillips, "M.S.O.T.C. Members," and "Other Unknown Persons."

Plaintiff alleges that his confinement at MSOTC constitutes punishment and is unconstitutional. To the extent that plaintiff is challenging the constitutionality of Missouri's Sexually Violent Predators Act ("SVPA"), Mo. Rev. Stat. §§ 632.480-513, under which he is involuntarily confined,[1] the Court notes that a favorable ruling on plaintiff's § 1983 claim would necessarily imply the invalidity of his current confinement. Habeas corpus, however, is the proper mechanism for an inmate to challenge either the fact or length of their confinement. See Preiser v. Rodriguez, 411 U.S. 475, 490 (1973). Even if the Court liberally construed this action as a federal habeas corpus action, there is no indication that plaintiff has previously presented his claims relative to the unconstitutionality of § 632.480 to a Missouri state court. In the absence of exceptional circumstances, a state prisoner must exhaust currently available and adequate state remedies before

---

[1]Missouri's SVPA authorizes the civil commitment of "sexually violent predators," persons who suffer from a mental abnormality that makes them more likely to engage in predatory acts of sexual violence if not confined in a secure facility. See Mo. Rev. Stat. 632.480, et seq.

2

invoking federal habeas corpus jurisdiction. Braden v. 30th Judicial Circuit Court of Kentucky, 410 U.S. 484 (1973). State remedies are ordinarily not considered exhausted if an individual may effectively present his claim to the state courts by any currently available and adequate procedure

The complaint is legally frivolous as to defendants "M.S.O.T.C. Members" and "Other Unknown Persons." In general, fictitious parties may not be named as defendants in a civil action. Phelps v. United States, 15 F.3d 735, 739 (8th Cir. 1994). An action may proceed against a party whose name is unknown, if the complaint makes allegations specific enough to permit the identity of the party to be ascertained after reasonable discovery. Munz v. Parr, 758 F.2d 1254, 1257 (8th Cir. 1985). In the case at hand, the complaint does not contain allegations sufficiently specific to permit the identity of "M.S.O.T.C. Members" and "Other Unknown Persons" to be ascertained after reasonable discovery. These particular defendants are both unidentified and indeterminate in number. This is not permissible. See Estate of Rosenberg v. Crandell, 56 F.3d 35, 37 (8th Cir. 1995) (suit naming "various other John Does to be named when identified" not permissible).

The complaint is also legally frivolous as to defendants Dr. Jon Rosenboom and Dr. Phillips, because plaintiff has failed to assert any allegations against them. See Madewell v. Roberts, 909 F.2d 1203, 1208 (8th Cir. 1990)(§ 1983 liability requires causal link to, and direct responsibility for, alleged deprivation of rights); see also Martin v. Sargent, 780 F.2d 1334, 1338 (8th Cir. 1985) (claim not cognizable under § 1983 where plaintiff fails to allege defendant was personally involved in or directly responsible for incidents that injured plaintiff); Boyd v. Knox, 47 F.3d 966, 968 (8th Cir. 1995) (respondeat superior theory inapplicable in § 1983 suits).

Last, plaintiff claims that, in retaliation for exercising his constitutional rights, defendant Alan Blake "denied [him] meaningful access to the courts by not delivering his stamps to

3

plaintiff in a timely fashion, or at all." Plaintiff's retaliation claim against defendant Alan Blake survives review under § 1915(e)(2)(B) and should not be dismissed at this time. See 28 U.S.C. § 1915A; 42 U.S.C. § 1997e(g)(2). Therefore, Alan Blake shall reply to plaintiff's retaliation claim.

In accordance with the foregoing,

**IT IS HEREBY ORDERED** that plaintiff's motion for leave to proceed in forma pauperis [Doc. #4] is **GRANTED.**

**IT IS FURTHER ORDERED** that plaintiff's original motion to proceed in forma pauperis [Doc. #1] is **DENIED**, as moot.

**IT IS FURTHER ORDERED** that, as to plaintiff's retaliation claim against defendant Alan Blake, the Clerk shall issue process or cause process to be issued upon the complaint.

**IT IS FURTHER ORDERED** that all remaining claims set forth in the complaint are **DISMISSED**, without prejudice.

**IT IS FURTHER ORDERED** that, as to defendants Dr. Jon Rosenboom, Dr. Phillips, "M.S.O.T.C. Members," and "Other Unknown Persons," the Clerk shall not issue process or cause process to issue upon the complaint, because the complaint is legally frivolous or fails to state a claim upon which relief may be granted, or both. See 28 U.S.C. § 1915(e)(2)(B).

**IT IS FURTHER ORDERED** that the Clerk shall docket this case as <u>Larry Coffman v. Alan Blake, Dr. Jon Rosenboom, Dr. Phillips, "M.S.O.T.C. Members," and "Other Unknown Persons."</u>

An appropriate order shall accompany this order and memorandum.

So Ordered this 6th Day of September, 2005.

*E. Richard Webber*

**E. RICHARD WEBBER**
**UNITED STATES DISTRICT JUDGE**