# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| LARRY COFFMAN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 4:05CV00883 ERW |
| | ) |
| ALAN BLAKE, | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on Alan Blake's ("Defendant") Motion to Dismiss Plaintiff's Complaint [doc # 10 ].

## I. BACKGROUND

Plaintiff is civilly committed pursuant to Missouri's Sexually Violent Predators Act ("SVPA"), Mo. Rev. Stat. §§ 632.480-513 and has been a resident at Missouri Sexual Offender Treatment Center ("MSOTC") since August 23, 2000. Defendant is currently the Chief Operating Officer ("COO") and Head of the MSOTC. Defendant supervises the operations at the MSOTC.

Plaintiff alleges that Defendant and others have taken actions against him in retaliation for lawsuits filed by Plaintiff. Plaintiff filed the instant lawsuit alleging retaliation on the part of Defendant. Specifically, Plaintiff alleges that Defendant has denied him meaningful access to the courts by failing to deliver stamps to him and by delivering the stamps late. Defendant filed a Motion to Dismiss the case on the basis that Plaintiff has, prior to filing the instant suit, filed another suit in which he raises essentially the same claims as those raised in the present case.

## II. STANDARD

There is no doubt that this Court has discretion to dismiss a complaint in an *in forma pauperis* proceeding if the court determines that it is frivolous. *See Harkins v. Eldredge*, 505 F.2d 802, 804 (8th Cir. 1974). The court's authority to dismiss a complaint in an *in forma pauperis* proceeding is expressly granted by Congress: "the court shall dismiss the case at any time if the court determines that. . .the action is frivolous or malicious." 28 U.S.C. § 1915(e)(2)(B). It is also within the discretion of the district court to dismiss a cause as frivolous if the court finds that the cause is duplicative of another cause that is pending. *Van Meter v. Morgan*, 518 F.2d 366, 367 (8th Cir. 1975) (holding that because this court currently had a pro se complaint pending which deals with issues directly related, if not identical, to these herein, the complaint must be dismissed as frivolous). The court may consult its record for help in determining the frivolity of a complaint. *Id*. at 368. While this court is anxious to assist any petitioner in the prosecution of a meritorious claim, it has no desire to be deluged with redundant, meritless documents. *Id*. at 367.

**II. DISCUSSION**

Upon review of Defendant's present motion and the Court's own record, the Court has learned that on April 29, 2005, prior to filing the present Complaint on May 31, 2005, Plaintiff filed a nearly identical complaint in this district court. *See Coffman v. Blunt*, 4:05-cv-00698-TCM. The said complaint is still pending before Magistrate Judge Thomas C. Mummert III. In that complaint, Plaintiff raises essentially the same claims as those raised in the instant complaint. In that complaint, as raised here, Plaintiff alleges that he was being denied meaningful access to the courts due to Defendant's delay in providing and withholding of stamps. He claims that these actions are being taken in retaliation for lawsuits he has filed against Defendant.

Because the present Complaint essentially duplicates another pending complaint that was filed in this district court prior to the present Complaint, this Court will dismiss the present Complaint as frivolous pursuant 28 U.S.C. § 1915(e)(2)(B).

**IT IS HEREBY ORDERED** that Defendant's Motion to Dismiss [doc. # 10] is **GRANTED**.

So Ordered this 10th day of August, 2006.

E. RICHARD WEBBER
UNITED STATES DISTRICT JUDGE